**WINSTON–SALEM SOUTHBOUND RAILWAY COMPANY**

v.

**The UNITED STATES.**

No. 49783.

United States Court of Claims.

July 12, 1957.

Mr. Robert R. Faulkner, Washington, D. C., for plaintiff.

Mr. Lewis A. Dille, Kensington, Md., with whom was Mr. Asst. Atty. Gen. George Cochran Doub, for defendant. Mr. Paris T. Houston, Washington, D. C., on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

On July 5, 1942, the defendant shipped several carloads of freight and passenger motor vehicles over the lines of plaintiff and connecting carriers under Government bills of lading from Leesville, Louisiana, to Ansonville, North Carolina. The railroad cars involved in this dispute exceeded 50 feet 8 inches in length. The actual weight of the vehicles shipped per car ranged from 12,240 pounds to 17,380 pounds, and the shipments could have been loaded in cars of lesser length.

The real issue in the case is what minimum carload rates shall be paid on the cars that were actually used but which were not loaded to full capacity.

Defendant's position is that the minimum weight should not exceed 12,500 pounds per car, while plaintiff argues that the applicable minimum weights are 20,000 pounds per car for passenger vehicles and 24,000 pounds per car for freight vehicles.

The rates, which are not in dispute, were set forth in Southwestern Lines' Tariff No. 254–A which, on its title page, provided that it was governed by Western Classification No. 70 and Southwestern Lines' Tariff No. 173–O. The minimum weights established by Rule 34 of Western Classification No. 70, which is contained in Consolidated Freight Classification No. 15, were 20,000 pounds for transporting passenger automobiles, and 24,000 pounds for transporting freight automobiles. Plaintiff contends that these are the applicable minimum weights, and both parties have agreed that the freight charges should be computed on such minimum weights unless the provisions of Rule 34 of Western Classification No. 70 are inapplicable because of the language contained in item 9220 of Southwestern Lines' Tariff No. 173–O.

Southwestern Lines' Tariff No. 173–O, upon which defendant relies, contained exceptions to Western Classification No. 70, and item 9220 thereof stated that in lieu of the minimum weights contained in the Western Classification for freight and passenger automobiles, the applicable minimum weights should be 10,000 pounds when the vehicles are loaded in cars not exceeding 40 feet 7 inches in length, and 12,500 pounds when they are loaded in cars exceeding 40 feet 7 inches in length but not more than 50 feet 8 inches in length. No minimum weights were specified in these exceptions for cars of the size we are concerned with here, i. e., cars more than 50 feet 8 inches long, but it is defendant's position that the exceptions tariff completely removed motor vehicles from the Western Classification and that 12,500 pounds, the highest minimum weight mentioned in item 9220, governs. It is to be noted that item 9240 of Southwestern Lines' Tariff No. 173–O provided for a minimum weight of 32,000 pounds on shipments of vermiculite when

loaded in cars of more than 50 feet 6 inches long, but the record is silent as to why item 9220 of the same tariff specified no minimum weight for shipments of motor vehicles in cars that were more than 50 feet 8 inches long.

After reviewing the facts, which are not in dispute, and considering together all of the pertinent parts of the relevant tariffs, we conclude that the minimum weights specified in Rule 34 of Western Classification No. 70 are applicable to the disputed shipments.

Defendant has correctly asserted that the function of an exceptions tariff is to remove articles from the classification, provided the shipments are clearly covered by the exception. Here the exceptions tariff relied upon by the defendant specified no minimum weights for the size of the cars used, whereas such minimum weights were expressly provided for in Rule 34 of Western Classification No. 70. Furthermore, the general provisions of Southwestern Lines' Tariff No. 173–O stated that the ratings contained therein were governed by the Western Classification "except as otherwise provided," and that no provision in the classification should be construed to supersede any *specific* provision contained in the exceptions tariff. By reason of this rule, we are compelled to read the description in item 9220 of Tariff 173–O in connection with the classification tariff and to hold that, since the exception does not set forth a specific *minimum* weight for the cars involved here, the vehicles remain subject to the minimum weight provision of Rule 34 of Western Classification No. 70.

The carriers applied the minimum weight provisions of Rule 34 in Western Classification No. 70 until March 2, 1945, when, as a result of a request submitted by the War Department, Tariff 173–O was superseded by Tariff 173–S, which re-published the minimum weight exceptions of Tariff 173–O and added thereto a minimum weight exception of 16,000 pounds for cars exceeding 50 feet 8 inches in length. The amendment resulted from a letter written on April 14, 1944, by the Transportation Corps of the War Department in which reference was made to Southwestern Lines' Tariff 173, and it was stated that, since this and other exceptions in the tariffs mentioned did not provide minimum weights for cars more than 50 feet 8 inches long, the ratings and minimum weights provided for in the classification applied. Although we do not regard the construction given by the parties to the pertinent tariffs as controlling in the absence of other facts, such contemporary construction adds some weight to other considerations which are present.

Tariff 173–S, which became effective March 2, 1945, and added a provision fixing a minimum weight of 16,000 pounds for cars over 50 feet 8 inches long in which motor vehicles were loaded, carried a teardrop symbol applicable to the territory through which the shipments in dispute moved. This symbol meant that there had been a reduction in the minimum weights that had applied prior to the effective date of the amended tariff.

The result we have reached accords with the decision of the Interstate Commerce Commission in Alkire-Smith Auto Company et al. v. Bamberger Electric Railroad Company et al., 169 I.C.C. 97. That case involved the shipment of the automobiles in cars 36 feet long, each shipment weighing less than 10,000 pounds. The carrier applied a *minimum* weight of 10,000 pounds pursuant to Rule 34 of the Western Classification, whereas the shipper relied upon a commodity tariff which provided for minimum weights of shipments in cars more than 36 feet 6 inches long and not more than 50 feet 6 inches long. No minimum weight was provided for shipments in cars of less than 36 feet 6 inches in length but there, as here, the commodity tariff stated that it was governed, except as otherwise specifically provided therein, by the Western Classification. The Commission held that the minimum weight specified in Rule 34 of the Western Classification applied.

As we have stated above, the facts in the case before us are not in dispute and we think that it involves only a question of tariff interpretation. However, if we were of the opinion that this action raises issues within the primary jurisdiction of the Interstate Commerce Commission, we would hold that the Commission has clarified the factors underlying the tariffs involved here in the decision cited above.

The parties have stipulated that if the minimum weights set out in the classification relied on by plaintiff are applicable, plaintiff is entitled to recover the sum of $3,049.08. It follows from what we have said above that judgment will be entered for plaintiff in that amount.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.